IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA DODSON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 14-122 |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 14 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits pursuant to the Social Security Act ("Act"). In her applications, Plaintiff alleges she became disabled on April 26, 2010. (ECF No. 6-5, p. 11). Administrative Law Judge ("ALJ"), William E. Kenworthy, held a hearing on October 3, 2012. (ECF No. 6-2, pp. 29-64). On November 7, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 16-24). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Mischaracterization of Evidence

Plaintiff argues that remand is necessary because at step three of the evaluation, the ALJ mischaracterized the evidence and made blatant factual errors. (ECF No. 10, pp. 3-6). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

3

Here, Plaintiff specifically argues that she may meet two listings (20 C.F.R. Pt. 404, Subpt. P, Appx.1 §§12.04 and Listing 12.06), but that it is impossible to determine because the ALJ made so many factual errors. (ECF No. 10, pp. 3-6). As a result, Plaintiff submits that remand is necessary. *Id.* I disagree.

To fall within the listed impairment of §§12.04 or 12.06, a plaintiff must meet part A and either part B or part C.[1] Plaintiff argues that the ALJ's evaluation of the paragraph B and paragraph C criteria was based on three blatantly false factual findings: 1)That Plaintiff maintained appropriate grooming and personal hygiene; 2) That Plaintiff's treatment records do not reflect any complaints of impaired social functioning; and 3) That there is no evidence of any altercations or involvement with the legal system. (ECF No. 10, pp. 4-6). Actually, the ALJ specifically stated as follows:

> In activities of daily living, the claimant has mild restrictions. The claimant lives in a house with her mother and stepfather. She participates in some activities of daily living and maintains appropriate grooming and personal hygiene.
>
> In social functioning, the claimant has moderate difficulties. The treatment records from Stauton Clinic do not reflect any complaints of impaired social functioning. There is no record of any altercations or involvement with the legal system.

(ECF No. 6-2, p. 20). After a review of the record, I find there is substantial evidence of record to support these statements. Thus, I do not find that the ALJ's conclusions were based on a mischaracterization of the evidence as stated. Consequently, I find no error in this regard.

### C. **Drug and Alcohol Abuse**

Plaintiff next argues that the ALJ erred by failing to follow the proper steps when determining if a person with a drug or alcohol problem is disabled. (ECF No. No. 10, pp. 6-7). As Plaintiff points out, the first determination that must be made is whether Plaintiff is disabled.

---

[1]Part A is a set of medical findings and parts B and C are sets of impairment-related functional limitations. *See,* 20 C.F.R. Pt. 404, Subpt. P, Appx.1 §12.00.

*Id.* at p. 7; 20 C.F.R. §416.935. If a plaintiff is not disabled when including the effects of drugs or alcohol, then there is no need to proceed further to determine if a plaintiff would still be disabled if he/she stopped using drugs or alcohol. *Id.* In this case, the ALJ did not find Plaintiff to be disabled in the first instance, even considering her substance abuse (ECF No. 6-2, pp. 16-24), so there was no need to proceed to the additional analysis. While Plaintiff asserts that the ALJ tried to combine the required analysis, after a review of the record, I disagree. Consequently, I find no error in this regard.

### D. Opinion Evidence

Essentially, Plaintiff's last argument is that the ALJ erred in in assessing the opinion evidence. (ECF No. 10, pp. 8-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, Plaintiff essentially argues that the ALJ erred in giving the opinions of Dr. Cohen, the consulting examiner, little weight. (ECF No. 10, pp. 8-12). The ALJ assigned Dr. Cohen's opinions little weight because: 1) he relied on Plaintiff's subjective report; 2) as a one-time consultative examiner he did not have a longitudinal impression of the Plaintiff; and 3) the opinions were inconsistent with other records. (ECF No. 6-2, p. 21-23). The reasons stated by the ALJ for assigning little weight to Dr. Cohen's opinions were appropriate and supported by sufficient evidence of record.

Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Cohen's opinion because he did not draw a distinction between the limitations imposed by depression and those imposed by substance abuse. Rather, I find the ALJ was just making a statement regarding the same. *See,* (ECF No. 6-2, p. 22). Said comment was not the basis for the assignment of little weight.

6

Therefore, I find no error in this regard on the part of the ALJ.

Plaintiff additionally argues that the ALJ erred in ignoring Dr. Koss's opinion. (ECF No. 10, p. 11). The record containing Dr. Kross's signature is but one page of a 106 page record from Plaintiff's voluntary commitment to Gateway Rehabilitation in 2012. *See,* (ECF No. 6-10, p. 17). Assuming the evidence is relevant, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSICA DODSON,

    Plaintiff,

-vs-                                     Civil Action No. 14-122

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 30th day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                                                      BY THE COURT:

                                                      s/ Donetta W. Ambrose
                                                      Donetta W. Ambrose
                                                      United States Senior District Judge